UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

Izaac Peterson,                                                  Civil File No. 2019-CV-102

        Plaintiff,

vs.

Artisan and Truckers Casualty Company,

        Defendant.

---

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE**
**a) DEFENDANT'S RULE 11 MOTION, AND**
**b) PORTIONS OF DEFENDANT'S REPLY BRIEF**

**and**

**OPPOSING DEFENDANT'S RULE 11 MOTION FOR SANCTIONS.**

---

## INTRODUCTION

Plaintiff Izaac Peterson ("Peterson") initiated this suit asserting claims for violation of the Driver's Privacy Protection Act ("DPPA"). Defendant Artisan and Truckers Casualty Company ("Artisans") responded by moving to dismiss, and by seeking Rule 11 sanctions against the plaintiff and the undersigned. Plaintiff now moves to strike a) defendant's March 18, 2019 sanctions motion and memorandum (Docket #14 & 15, filed March 18, 2019), and b) section III of defendant's memo of law (pp. 15-16, Docket #5, filed Feb. 13, 2019) in support of its motion to dismiss, all under Fed. R. Civ. P. 12(f).

# FACTS

In his first amended complaint, Peterson alleged that he was ...

> ... was involved in an auto accident, where another party was either injured or suffered property damage, or both. The other party was insured by Artisan and Truckers Casualty. At the time of the accident, a police officer or sheriff's deputy came to the scene of the accident, and collected information from the parties. The police officer or sheriff's deputy asked to see Peterson's Wisconsin driver's license. Peterson complied with the officer's request and gave him the Wisconsin driver's license. The officer prepared a copy of a Wisconsin uniform accident report. The officer added Peterson's Wisconsin driver's license number to the Wisconsin uniform accident report. Peterson's Wisconsin driver's license is a motor vehicle record as defined by the DPPA, 18 U.S.C. § 2725(1). Peterson's Wisconsin driver's license number is information from a motor vehicle record that is protected from public display by the DPPA, 18 U.S.C. § 2722(1).

Plaintiff's first amended complaint, ¶¶ 20 - 28.

> Following the accident, Artisan and Truckers Casualty obtained a copy of the accident report, along with a copy of Peterson's Wisconsin driver's license number. Artisan and Truckers Casualty paid the other party for either his injuries or property damage, or both. Following this payment, Artisan and Truckers Casualty acquired the other parties rights and claims. In 2016, Artisan and Truckers Casualty initiated a lawsuit against Peterson in Saint Croix County Wisconsin Small Claims Court, by filing a summons and complaint with the clerk of court. *Artisan and Truckers Casualty v. Peterson*, No. 2016-SC-1181 (Saint Croix Co., WI). The complaint sought to recover a money judgment against Peterson for the unpaid amounts following his accident with the other party. Artisan and Truckers Casualty obtained a money judgment against Peterson on or about November 29, 2016.

Plaintiff's first amended complaint, ¶¶ 29 - 34.

> On or about January 18, 2017, Artisan and Truckers Casualty, via its agent, requested that the clerk of court notify the Wisconsin Department of Motor Vehicles of the judgment, and asked that Peterson's driving privileges in Wisconsin be suspended, pending payment of the judgment. The request to the clerk of court was made in a cover letter that was filed with the Saint Croix County Wisconsin clerk of court in mid January of 2017. Attached to the cover letter and filed with the clerk of court was a form "certificate of judgment" that unlawfully included and disclosed Peterson's Wisconsin drivers license number.

Plaintiff's first amended complaint, ¶¶ 35 - 37.

## ISSUES

I.   Standard.

II.  Defendant's Rule 11 sanctions motion should be stricken.

III. Defendant's state litigation privilege defense should be stricken.

## ANALYSIS

I.   Standard.

Rule 12(f) allows a court to strike any "insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Such relief is available to clean up the pleadings, streamline the litigation or to sidestep unnecessary efforts on immaterial issues. *Whittlestone, Inc., v. Handi-Craft Co.*, 618 F.3e 970, 973 (9th Cir. 2010). A defense may be "immaterial" where the relief requested is unavailable as a mater of law. *Mobley v. Kelly Kean Nissan, Inc.*, 864 F. Supp. 726, 732 (N.D. Ill. 1993). The district court enjoys "liberal discretion" in its application. *Stanbury Law Firm, P.A., v. IRS*, 221 F.3d 1059 (8th Cir. 2000). In considering a motion to strike, courts generally apply the same test under Rule 12(b)(6). *Coach, Inc. v. Kmart Corp.*, 756 F. Sup.2d 421, 425 (S.D. N.Y.). The burden of proof lies with the party needing to strike. *Unique Industries. Inc. vs. 965207 Alberta Limited*, 722 F. Supp.2d. 1, 5 (D. D.C. 2009).

II.  **Defendant's Rule 11 sanctions motion should be stricken.**

No Rule 11 sanctions motion may be awarded if the motion was not first served on the opposing party. Fed. R. Civ. P. 11 requires pre motion service of a draft sanctions motion prior to filing. Fed. R. Civ. P. 5(b)(2)(E) only permits electronic service where the opposite side has "consented in writing" to such service.

Here, service was by e-mail, not US mail, and the undersigned has never consented to e-mail service. Without proper service, sanctions cannot be awarded, as Rule 11's procedural requirements are mandatory. See *Marlin v. Moody Nat. Bank, NA*, 533 F.3d 374, 380 (5th Cir. 2008); *Lamboy-Ortiz v. Ortiz-Velez,* 630 F.3d 228, 244 (1st Cir. 2010); *Brickwood Contractors, Inc. v. Datanet Engineering, Inc.*, 369 F.3d 385, 389 (4th Cir. 2004).

Moreover, even if the Rule 11 sanctions motion was properly drawn and served, no sanctions could be justified against Peterson, as there is no binding precedent that prohibits Peterson's claim, and further another judge of this Court has already held that another defendant who publically disclosed a Wisconsin driver's license number was not entitled to a dismissal of its suit. See *Eggen v. WESTconsin Credit Union*, No. 14-CV-873-BBC, 2016 WL 4382773 at *3 (W.D. Wis. Aug. 16, 2016) ("[D]efendant's argument that a driver's license is not a "motor vehicle record" is difficult to take seriously. After all, a driver's license is created by the Department of Motor Vehicles and it is a record of the information on the license.").

In *Eggen*, WESTconsin Credit Union publically disclosed Eggen's Wisconsin driver's license number, when it filed an unredacted copy of a credit application in state court. Judge Crabb denied WESTconsin's motion to dismiss. Here, Peterson alleges that Artisans publically disclosed his Wisconsin driver's license number when it filed an unredacted copy of a uniform accident report in state court.

Further, several other courts have also found that driver's license numbers from a driver's license is a motor vehicle records. *See, Menghi v. Hart*, 745 F.Supp.2d 89, 101 (E.D.N.Y. 2010) *aff'd*, 478 F. App'x 716 (2d Cir. 2012) (Defendant arrested Plaintiff and then requested and kept her driver's license as part of the arrest record. *Id.* The Court upheld the jury's finding that the Defendant

4

obtained Menghi's personal information from her driver's license rather than from Menghi herself during an interview). The Honorable Matthew F. Kennelly has also found a driver's license was a motor vehicle record. *See, Pavone v. Law Ofcs. of Anthony Mancini, Ltd.*, 118 F.Supp.3d 1004, 1007 (N.D.Ill. 2015) and *Pavone v. Law Ofcs. of Anthony Mancini, Ltd.*, 2016 WL 4678311 at * 4 (N.D.Ill. September 7, 2016).

At least four courts have rejected Defendant's reading of the statute, that it could not have violated the DPPA as Peterson's driver's license number lost its protected atatus once it was placed on a form accident report. "[T]he DPPA protects types of 'information', not types of reports." *Pavone v. Meyerkord & Meyerkord, LLC*, 118 F. Supp. 3d 1046, 1050 (N.D. Ill. 2015) (St. Eve, J); *Pavone v. Law Offices of Anthony Mancini, Ltd.*, 118 F. Supp. 3d 1004 (N.D. Ill. 2015) (Kennelly, J):

> [T]he statute does not exclude accident reports from the definition of "personal information"; it only excludes **"information on vehicular accidents [and] driving violations."** 18 U.S.C. § 2725(3) (emphasis added). Based on the plain language of the statute, the exclusion refers to information about the accident, not the personal information that is included in accident reports.

*Id.* at 1006. See also *Hatch v. Demayo*, 1:16-cv-925, 2017 WL 4357447 (M.D. N.C. Sept. 29, 2017); *Gaston v. LexisNexis Risk Solutions,* 5:16-cv-9, 2017 WL 5340384 (W.D. N.C. Nov. 13, 2017)[1].

The defendant is certainly entitled to its day in court, and has the right to motion practice such as its previously filed motions to stay discovery and to dismiss. However, the current sanctions motion is nothing more than an attempt at intimidation, and should be stricken. See *Partington v. Gedan*, 880 F.2d 116, 131 (9th Cir. 1989)(frivolous motion for sanctions itself subject to sanctions

---

[1] Contra *Kresal v. Secura*, 17-CV-766 (W.D. Wis. June 11, 2018).

under Fed. R. Civ. P. 11); *Local 106 v. Homewood Memorial Gardens, Inc.*, 838 F.2d 958, 961 (7th Cir. 1988)(same).

### III.   Defendant's state litigation privilege defense should be stricken.

Defendant asserts that Wisconsin's state common law litigation privilege bars the Plaintiff's Federal claim as asserted in Federal court. Def. Brief at pp. 15 - 16. This argument is meritless.

Wisconsin recognizes a near absolute privilege for defamatory statements made during the course of litigation in a Wisconsin state court. *Converters Equipment Corp. v. Condes Corp.*, 80 Wis.2d 257, 265, 258 N.W.2d 712 (Wis. 1977). The privilege applies to statements made during proceedings, and appears to have been extended to pleadings and affidavits. *Kensington Development Corp., v. Israel*, 142 Wis.2d 894, 900, 419 N.W.2d 241 (Wis. 1988).

However, state court common law privileges simply **do not apply in federal court**. "The elements of, and the defenses to, a federal cause of action are defined by federal law." *Howlett by & through Howlett v. Rose*, 496 U.S. 356, 375 (1990); *Steffes v. Stepan Company*, 144 F.3d 1070, 1074 (7th Cir. 1998)("a state absolute litigation privilege purporting to confer immunity from suit cannot defeat a federal cause of action."); *Allen v. LaSalle Bank, N.A.*, 629 F.3d 364, 369 (3d Cir. 2011)(state litigation privilege does not apply in federal court to federal claims); *Sayyed v. Wolpoff & Abramson*, 485 F.3d 226, 231 (4th Cir. 2007)(same); *Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606, 615 - 617 (6th Cir. 2009)(same). The Defendant's unfamiliarity with black letter federal law and the binding authority of *Howlett* and *Steffes* is very troubling. Asserting a state litigation defense barred by binding federal authority is wholly improper.

Further, the DPPA's exceptions to liability, 18 U.S.C. §2721(b)(1)-(14), contain **no** exception for information improperly designated as a public record by a state or local government,

6

or information previously lawfully or unlawfully disclosed in the public record. "[T]he express unambiguous language of the DPPA does not create a good faith defense or bestow immunity upon those who rely upon state agencies to act in compliance with its terms." *Rios v. Direct Mail Express, Inc.*, 435 F. Supp. 2d 1199, 1204 (S.D. Fla. 2006). Defendant's citation to a single unpublished decision (*Hurst v. State Farm* - Defendant's brief at p. 16) litigated by a pro se serial filer[2] that comes to the wrong legal conclusion as to the application of a Delaware state law litigation privilege in federal court cannot save this defense, which should be stricken.

## CONCLUSION

In conclusion, Plaintiff's motion to strike a) defendant's March 18, 2019 sanctions motion and memorandum (Docket #14 & 15, filed March 18, 2019), and b) section III of defendant's memo of law (pp. 15-16, Docket #5, filed Feb. 13, 2019) in support of its motion to dismiss, should be granted. Plaintiff's reasonably incurred costs and attorney fees should be awarded, per 28 U.S.C. § 1927.

DATED: March 19, 2019        s/Eric L. Crandall
Eric L. Crandall, Esq.
**CRANDALL LAW FIRM, SC**
421 West Second Street
PO Box 27
New Richmond, WI 54017
715-243-9996 (p)
715-246-3793 (f)
WisconsinConsumerLaw@frontier.com
Wis. Attorney Lic. No. 1001833

**ATTORNEY FOR PLAINTIFF**

---

[2] *See e.g. Hurst v. State Farm*, No. 09-6741 (U.S. Nov. 30, 2009)("as the petitioner [Hurst] has repeatedly abused this Court's process, the clerk is directed not to accept any further petitions in noncriminal matters from petitioner ...")