UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

Izaac Peterson,                                                    Civil File No. 2019-CV-102

              Plaintiff,

vs.

Artisan and Truckers Casualty Company,

              Defendant.

---

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION TO STRIKE
a) DEFENDANT'S RULE 11 MOTION, AND
b) PORTIONS OF DEFENDANT'S REPLY BRIEF**

---

## INTRODUCTION

Plaintiff Izaac Peterson ("Peterson") initiated this suit asserting claims for violation of the Driver's Privacy Protection Act ("DPPA"). Defendant Artisan and Truckers Casualty Company ("Artisans and Truckers") moved to dismiss the complaint, and sought Rule 11 sanctions against the plaintiff and the undersigned.

Plaintiff moved to strike a) defendant's March 18, 2019 sanctions motion and memorandum (Docket #14 & 15, filed March 18, 2019), and b) section III of defendant's memo of law (pp. 15-16, Docket #5, filed Feb. 13, 2019) in support of its motion to dismiss, all under Fed. R. Civ. P. 12(f). Artisans and Truckers filed a responsive memorandum. Following the courts's March 20, 2019 text only order (docket #20), Peterson submits this reply

-1-

## ARGUMENT

Artisan and Truckers failed to oppose Peterson's motion to strike section III of defendant's memo of law (pp. 15-16, Docket #5, filed Feb. 13, 2019), where Artisan and Truckers raised a state law privilege defense not applicable in federal court. When a party fails to respond to an argument in a brief or motion, the party risks waiving the claim or defense. To wit:

> Failure to respond to an argument may result in waiver or forfeit. *Wojtas v. Capital Guardian Trust Co.*, 477 F.3d 924, 926 (7th Cir.2007) (failure to oppose operates as waiver); *Walker v. Mueller Industries, Inc.*, 408 F.3d 328, 330-31 (7th Cir.2005) (plaintiff waived or forfeited claim that he failed to mention and at one point "expressly disavowed"). Waiver is the intentional relinquishment of a known right, which extinguishes any error and precludes appellate review. *United States v. Jacques*, 345 F.3d 960, 962 (7th Cir.2003) (citing *United States v. Olano*, 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)). Forfeiture is the failure to make the timely assertion of a right, which is reviewable under the plain error standard. *Id.*

*Shannon v. National Fire Insurance Co., of Pittsburgh, PA*, 509 F. Supp.2d 752, 760 (W.D. Wis. 2007)(Crabb, J.).

Artisan and Truckers did oppose Peterson's motion to strike defendant's sanctions motion (Docket #14 & 15, filed March 18, 2019). However, its main argument that Peterson and the undersigned had notice of the motion, is foreclosed by established precedent, as Rule 11's procedural requirements are mandatory. See *Marlin v. Moody Nat. Bank, NA*, 533 F.3d 374, 380 (5th Cir. 2008); *Lamboy-Ortiz v. Ortiz-Velez,* 630 F.3d 228, 244 (1st Cir. 2010); *Brickwood Contractors, Inc. v. Datanet Engineering, Inc.*, 369 F.3d 385, 389 (4th Cir. 2004). Artisan and Truckers cite no case to the contrary.

Finally, the basis for Artisan and Truckers sanctions motion is one of two cases from this district, *Kresal v. Secura*, 17-CV-766 (W.D. Wis. June 11, 2018). However, the other case supports Peterson's suit, and was not discussed or even cited by Artisan and Truckers in its memorandum

opposing Peterson's motion to strike. *Eggen v. WESTconsin Credit Union*, No. 14-CV-873-BBC, 2016 WL 4382773 at *3 (W.D. Wis. Aug. 16, 2016) ("[D]efendant's argument that a driver's license is not a "motor vehicle record" is difficult to take seriously. After all, a driver's license is created by the Department of Motor Vehicles and it is a record of the information on the license.").

## CONCLUSION

In conclusion, Plaintiff's motion to strike a) defendant's March 18, 2019 sanctions motion and memorandum (Docket #14 & 15, filed March 18, 2019), and b) section III of defendant's memo of law (pp. 15-16, Docket #5, filed Feb. 13, 2019) in support of its motion to dismiss, should be granted. Plaintiff's reasonably incurred costs and attorney fees should be awarded, per 28 U.S.C. § 1927.

DATED: March 29, 2019         s/Eric L. Crandall
                              Eric L. Crandall, Esq.
                              **CRANDALL LAW FIRM, SC**
                              421 West Second Street
                              PO Box 27
                              New Richmond, WI 54017
                              715-243-9996 (p)
                              715-246-3793 (f)
                              WisconsinConsumerLaw@frontier.com
                              Wis. Attorney Lic. No. 1001833

                              **ATTORNEY FOR PLAINTIFF**