IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

IZAAC PETERSON,

        Plaintiff,

v.

ARTISAN AND TRUCKERS CASUALTY COMPANY,

        Defendant.

OPINION AND ORDER

19-cv-102-wmc

---

In this putative class action, plaintiff Izaac Peterson claims that defendant Artisan and Truckers Casualty Company disclosed his driver's license number on a form filed with the St. Croix County Circuit Court in violation of the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. § 2721 *et seq.*, albeit as part of an otherwise good faith effort to collect on a judgment against Peterson arising from a motor vehicle accident. Before the court is defendant's motion to dismiss (dkt. #4), defendant's motion for sanctions pursuant to Federal Rule of Civil Procedure 11(dkt. #14), and plaintiff's motion to strike the motion for sanctions (dkt. #17). For the reasons that follow, the court will grant the motion to dismiss, but deny the motion for sanctions, rending the motion to strike moot.

BACKGROUND[1]

**A. Key Allegations**

Plaintiff Izaac Peterson was involved in a car accident with defendant Artisan's

---

[1] In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court "accept[s] as true all of the well-pleaded facts in the complaint and draw[s] all reasonable inferences in favor of" plaintiff. *Jakupovic v. Curran*, 850 F.3d 898, 902 (7th Cir. 2017) (internal citation omitted).

insured. (Am. Compl. (dkt. #1-1) ¶¶ 20-21.) At the time of the accident, a police officer or sheriff's deputy came to the scene and collected information from the parties. (*Id.* ¶ 22.) After the officer "asked to see Peterson's Wisconsin driver's license" (*id.* ¶ 23), "Peterson complied." (*Id.* ¶ 24.) The officer then "added Peterson's Wisconsin driver's license number to the Wisconsin uniform accident report." (*Id.* ¶ 26.) "Following the accident, Artisan and Truckers Casualty obtained a copy of the accident report, along with a copy of Peterson's Wisconsin driver's license number." (*Id.* ¶ 29.)

After reimbursing its insured for his injuries and/or property damage, Artisan filed a subrogation claim against Peterson in the Circuit Court of St. Croix County. (*Id.* ¶¶ 30-33.) On or about November 29, 2016, Artisan obtained a money judgment against Peterson. (*Id.* ¶ 34.) State law grants the Wisconsin Department of Transportation / Division of Motor Vehicles authority to enforce certain financial obligations. *See* Wis. Stat Ch. 344. Specifically, the DOT is authorized to suspend operating privileges when a driver fails to pay a court judgment for damages arising from a motor vehicle accident. Wis. Stat. §§ 344.12-344.22.

On January 18, 2017, Artisan filed a request with the St. Croix County Clerk of Court to notify the DMV of its judgment against Peterson and to suspend Peterson's driving privileges pending payment of the judgment. (Am. Compl. (dkt. #1-1) ¶¶ 35-36.) In doing so, Artisan attached to the request a "certificate of judgment" on a form provided

by the Wisconsin DOT (form MV3158). (*Id.* ¶ 37; Everts Decl., Ex. C (dkt. #6-3).)[2] As called for by the form, the certificate of judgment contained Peterson's driver's license number ("DLN"). (*Id.*) Artisan then filed that form on a publicly-available docket, without redaction. (*Id*. ¶¶ 38-40.)[3]

### B. Procedural Posture

Plaintiff filed his original complaint on January 2, 2019, in St. Croix County circuit court, and later filed an amended complaint on February 7, 2019. That same day, defendant removed the case to this court, pursuant to this court's federal question jurisdiction under 28 U.S.C. § 1331, and promptly moved to dismiss its claim, primarily relying on this court's decision in *Kresal v. Secura Insurance Holdings, Inc.*, No. 17-cv-766-wmc, 2018 WL 2899694 (W.D. Wis. June 11, 2018).

On February 3, 2019, defendant's counsel Marisa Berlinger also emailed plaintiff's counsel a draft motion for sanctions under Rule 11. In the email, counsel stated, "Please find attached Defendant's Rule 11 Motion, which is being served upon you today via this email." (Crandall Decl., Ex. A (dkt. #19-1).) Apparently, Berlinger sent that email three times, having received undeliverable responses to the first two emails. (Crandall Decl. (dkt.

---

[2] The court takes judicial notice of the cover letter and certificate of judgment submitted by Artisan to the St. Croix County Circuit Court in support of its motion to dismiss, as confirmed by that court's docket entry. *See Hecker v. Deere & Co.*, 556 F.3d 575, 582 (7th Cir. 2009) (explaining that a court may consider documents which are referenced in the complaint and central to the plaintiff's claims without converting a motion to dismiss to a motion for summary judgment); *Brokaw v. Weaver*, 305 F.3d 660, 668 (7th Cir. 2002) (holding that the court may take judicial notice of state court proceedings).

[3] Defendant also submits a form filed with the circuit court on February 20, 2018, in which Peterson requested that Peterson's driver's license number on the certificate of judgment should be redacted, and that request was granted. (Everts Decl., Ex. D (dkt. #6-4).)

#19) ¶ 4 (plaintiff's counsel acknowledging receipt of three emails on February 3); Berlinger Decl. (dkt. #22) ¶ 3 (explaining that the email was sent three time because of undeliverable responses).) That same day, plaintiff's counsel Eric Crandall responded to the third email, "I have received nearly three identical emails. Did you intend to do this?" (Berlinger Decl., Ex. B (dkt. #22-2).)

If this email constituted proper service in Federal Rules of Civil Procedure 5 and 11, the safe harbor period would have expired on March 6, 2019. Defendant filed its Rule 11 motion with the court on March 18, 2019, resulting in electronic service on plaintiff's counsel. (Dkt. #14.) The next day, plaintiff filed a motion to strike the motion for sanctions, on the ground that the motion was not served pursuant to Rule 5. (Dkt. #17.) That same day, defendant's counsel served Attorney Crandall via U.S. mail as well. (Berlinger Decl. (dkt. #22) ¶ 8.) Defendant's counsel also offered to withdraw the motion for sanctions if plaintiff dismissed the lawsuit on or before April 8, 2019 (21 days from the March 18, 2019, filing of the motion with this court). (*Id.* ¶ 7.) Attorney Crandall, however, declined this offer. (*Id.*)

OPINION

I. Motion to Dismiss

This case pursues the same legal theory for a violation of DPPA rejected by this court in the *Kresal* decision referenced above, a fact obviously well known to Attorney Crandall since he was also plaintiff's counsel in that case. As defendant detailed in a table in its reply brief in support of its motion to dismiss, the allegations in *Kresal* were virtually

4

the same. (Def.'s Reply (dkt. #13) 3.) Moreover, plaintiff's opposition brief to defendant's motion to dismiss is a copy-paste job of the opposition submitted in the *Kresal* case, with a simple addition -- citing *Kresal* as "contra" authority in a footnote. (*Compare* Pl.'s Opp'n (dkt #11) *with Kresal,* No. 17-cv-766 (dkt. #33).) In fairness, plaintiff adds citations to two, out-of-circuit district court cases,[4] but provides neither specific pincites nor explanation of how these cases support his position, which is unsurprising since, from the court's review, these cases do not address the "origin" of the personal information at issue, which the Seventh Circuit has deemed "crucial." *Dalhstrom v. Sun-Times Media, LLC*, 777 F.3d 937, 949 (7th Cir. 2015).

In light of plaintiff's failure to address the court's ruling in *Kresal,* otherwise develop any new arguments, or direct the court to other relevant cases, the court will not regurgitate its prior analysis. Instead, for the reasons explained at length in *Kresal*, the court concludes that Peterson's "affirmative allegation that personal information contained in the accident report was obtained from plaintiff at the scene of the accident . . . forecloses a finding that the disclosed information was obtained from a motor vehicle record as a matter of law." *Kresal*, 2018 WL 2899694, at *4. As such, the court will grant defendant's motion to dismiss.

## II. Sanctions Motion

This ruling leaves only defendant's motion for sanctions and plaintiff's motion to

---

[4] *See Hatch v. Demayo*, No. 1:16CV925, 2017 WL 4357447, at *1 (M.D.N.C. Sept. 29, 2017), *on reconsideration in part*, No. 1:16CV925, 2018 WL 6003548 (M.D.N.C. Nov. 15, 2018); *Gaston v. Lexisnexis Risk Sols.*, No. 5:16-CV-9, 2017 WL 5340384, at *3 (W.D.N.C. Nov. 13, 2017).

strike that motion. As described above, defendant served the motion on plaintiff's counsel via email. Federal Rule of Civil Procedure 11(c)(2) requires a party moving under Rule 11 to first serve the motion "under Rule 5." Federal Rule of Civil Procedure 5(b)(2)(E), in turn, provides for service by sending the paper "by other electronic means that the person consented to in writing." Here, plaintiff's counsel represents that he "never consented to formal service via e-mail." (Crandall Decl. (dkt. #19) ¶ 4.)

As defendant points out, Attorney Crandall acknowledged receipt of the motion the day that it was sent (three times) via email, and he did not object to being served electronically until his response was due to the motion for sanctions. Moreover, in response to plaintiff's motion to strike, defendant used the U.S. mail to deliver another copy of the motion to plaintiff's counsel, an accepted form of service under Rule 5, and effectively provided an additional 21-days safe harbor period. In light of these circumstances, the court would be inclined to find that defendant substantially complied with the Rule, which is all that the Seventh Circuit requires. *See, e.g., United States v. Rogers Cartage Co.*, 794 F.3d 854, 863 (7th Cir. 2015) ("[W]e have suggested that strict compliance with this so-called "safe harbor" provision may be excused where there was substantial compliance[.]"); *Nisenbaum v. Milwaukee Cty.*, 333 F.3d 804, 808 (7th Cir. 2003) (rejecting any challenges to noncompliance as "technical" and specifically finding demand letter satisfied motion requirement under Rule 11); *but see N. Ill. Telecom, Inc. v. PNC Bank, N.A.*, 850 F.3d 880, 888-89 (7th Cir. 2017) (concluding that fewer than 10 days to respond was not "sufficient compliance" and two judges of the panel indicating in dicta that the court may overrule the "sufficient compliance" approach and require more

formal compliance).

Ultimately, the court need not decide this issue, however, because the court concludes that the circumstances here do not warrant sanctions for at least two reasons. First, defendant's motion primarily rests on plaintiff's pursuing the same rejected theory based on the same allegations as in *Kresal*. *Kresal* was an opinion of a district court, and even though it is by *this* court, the Seventh Circuit has "noted repeatedly, a district court decision does not have stare decisis effect; it is not a precedent." *Midlock v. Apple Vacations W., Inc.*, 406 F.3d 453, 457 (7th Cir. 2005). Second, plaintiff filed this lawsuit in state court, presumably seeking a determination of the legal merits of his claim through the state judicial system. While it was within defendant's rights to remove a federal question to this court, it was defendant's exercise of its right to removal that placed plaintiff's claim in front of the same court and same judge.

Finally, defendant argues that plaintiff should have dismissed his claim once it was removed to this court, but a voluntary dismissal would eliminate his client's right to an appeal. As defendant points out, the plaintiff in *Kresal* did appeal this court's order granting the defendant's motion to dismiss, but he then voluntarily dismissed that appeal, which has no more precedential value than this court's original decision, except as against Kresal himself. (Def.'s Not. of Suppl. Authority (dkt. #24).) In short, plaintiff's counsel, and more importantly, plaintiff Peterson, is free to pursue the same, rejected legal theory before the Seventh Circuit, hardly a basis for imposing sanctions.[5]

---

[5] Should plaintiff's counsel persist in pursuing this same legal theory without seeking review by the Seventh Circuit, these lawsuits may, at some point, become an abuse of this court's resources, at which time the court may reconsider the question of sanctions.

7

ORDER

IT IS ORDERED that:

1) Defendant Artisan and Truckers Casualty Company's motion to dismiss plaintiff's amended complaint (dkt. #4) is GRANTED. Plaintiff's complaint is DISMISSED WITH PREJUDICE.

2) Defendant's motion for sanctions pursuant to Rule 11 (dkt. #14) is DENIED.

3) Plaintiff Izaac Peterson's motion for sanctions (dkt. #17) is DENIED AS MOOT.

4) The clerk of court is directed to enter judgment in defendant's favor and close this case.

Entered this 27th day of June, 2019.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge